Aaron T. Martin (AZ 028358)
Catie B. Kelley (No. 037066)
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
(602) 812-2680
aaron@martinlawandmediation.com
catie@martinlawandmediation.com

*Attorneys for Petitioner*
*Grant G. Winthrop*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Grant G. Winthrop, an individual,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>　　　　　　Respondent. | **Petition to Compel Arbitration** |

**Introduction**

Petitioner Grant G. Winthrop hereby petitions this Court for an order compelling arbitration pursuant to a binding arbitration agreement with Respondent Arizona Rangers. Petitioner also seeks recovery of attorneys' fees and expenses incurred both in connection with the AAA arbitration that Respondent refused to fund or engage in, and this Petition.

**Parties, Jurisdiction, and Venue**

1. Petitioner Grant Winthrop is an individual domiciled in the state of Wyoming.

2. Respondent Arizona Rangers is an Arizona non-profit corporation with its principal place of business in Arizona.

3. At all times material hereto, Respondent had sufficient minimum contact with the State of Arizona which give rise to this action and confer to the Court personal jurisdiction over Respondent.



4. This Court's jurisdiction rests on the Federal Arbitration Act (FAA), 9 U.S.C. § 4, and diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Respondent is based in Arizona and the Arbitration Agreement was entered into in Arizona.

**Factual Background**

6. Petitioner formerly donated to and volunteered with Respondent.

7. In connection with that affiliation, the parties entered into a binding arbitration agreement entitled, "Dispute Resolution, Binding Individual Arbitration Agreement, and Waiver of Jury Trial" (Arbitration Agreement). A true and complete copy of this Arbitration Agreement is attached as **Exhibit A**.

8. In the course of operations, all of Respondent's Ranger volunteers (including Petitioner) are required to sign this agreement.

9. The Arbitration Agreement mandates resolution of all disputes between the parties through binding individual arbitration before the American Arbitration Association (AAA) under its Consumer Arbitration Rules. See Exhibit A, at 1.

10. On or about March 2, 2025, Petitioner Winthrop submitted a demand for arbitration to AAA and paid the associated filing fee. See Initiation of Arbitration, attached as **Exhibit B**. AAA confirmed the matter is governed by the Consumer Arbitration Rules. See AAA Case Number 01-25-0001-1988 *Grant Winthrop vs Arizona Rangers*, attached as **Exhibit C** ("The American Arbitration Association ('AAA') has determined that this arbitration arises out of a consumer agreement, and as such, the Consumer Arbitration Rules ('Consumer Rules') apply to this dispute.").

11. On April 4, 2025, AAA "directed" Respondent Arizona Rangers "to submit its current consumer arbitration clause for inclusion on the Registry," and "incur a $600 Registry fee." *See id.* at 1.

12. Respondent failed to submit payment by the AAA's May 5, 2025 deadline.

1 *See* AAA Notice, attached as **Exhibit D**.

2  13. On May 6, 2025, AAA formally declined to administer the arbitration due to Respondent's non-payment. *See id.* at 1.

4  14. Pursuant to Rule R-1(d) of the AAA Consumer Arbitration Rules, and 9 U.S.C. § 4, Petitioner now seeks an order compelling arbitration and an award of attorneys' fees and costs.

7  15. Petitioner provided Respondent's counsel with appropriate notice under 9 U.S.C. § 4.

## Legal Basis for Claim

10  16. The Federal Arbitration Act (FAA) strongly favors enforcing arbitration agreements.

12  17. The FAA states that an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

15  18. The Arbitration Agreement here is enforceable and covers all aspects of the dispute between the Parties.

17  19. Under the FAA, Petitioner is entitled to petition the Court to compel arbitration. 9 U.S.C. § 4. *See also* A.R.S. § 12-1502(A) (a party aggrieved by the refusal of another to arbitrate may petition the court for an order compelling arbitration).

20  20. The Arbitration Agreement provides that if a claim under Respondent's Grievance Process is not resolved, both the Petitioner and the Respondent "agree instead to submit all Claims to binding, confidential, individual arbitration before a single, neutral arbitrator under the Federal Arbitration Act ('FAA') conducted by the American Arbitration Association ('AAA') under its Consumer Arbitration Rules." *See* Ex. A at 1.

25  21. Respondent never responded to the demand for arbitration.

26  22. Respondent's failure to proceed with arbitration constitutes a breach of the Arbitration Agreement.



**Prayer for Relief**

WHEREFORE, Petitioner respectfully requests that this Court:

    a.    Enter an order compelling Respondent to arbitrate under the terms of the arbitration agreement;

    b.    Award Petitioner his reasonable attorneys' fees and costs incurred in connection with the failed arbitration and this Petition;

    c.    Grant such other and further relief as the Court deems just and proper.

DATED this 18th day of November, 2025.

By  /s/*Aaron T. Martin*
Aaron T. Martin
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028

*Attorneys for Petitioner
Grant G. Winthrop*



- 4 -