Jared Simmons (Arizona Bar No. 018624)
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
Telephone: (480) 998-1500
jared@sglawaz.com
*Attorneys for Respondent Arizona Rangers*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Grant G. Winthrop, an individual,<br><br>Petitioner,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>Respondent. | Case No. CV-25-04317-PHX-GMS<br><br>**ANSWER TO COMPLAINT** |

For its Answer to the Complaint in the above-captioned matter, Defendant Arizona Rangers, admits, denies and alleges as follows:

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Respondent admits the allegations contained in paragraph 2.

3. Respondent admits the allegations contained in paragraph 3.

4. Respondent admits the allegations contained in paragraph 4.

5. Respondent admits the allegations contained in paragraph 5.

6. Respondent admits that Petitioner formerly volunteered with Respondent but denies the remainder of the allegations contained in paragraph 6.

7. Respondent admits the allegations contained in paragraph 7.

8. Responding to the allegations contained in paragraph 8, Respondent admits that some volunteers signed the agreement attached as Exhibit A to Petitioner's Complaint but Respondent denies it required all volunteers in Petitioner's history to sign Exhibit A and specifically denies Petitioner signed Exhibit A.

9. Respondent denies the allegation in Paragraph 9 and affirmatively states that the Arbitration Agreement attached as Exhibit A requires that a Member must first engage in Respondent's Grievance Resolution procedure outlined in the Arizona Rangers Governing Documents which Petitioner did not do while he was associated with Petitioner.

10. Respondent admits the allegations contained in paragraph 10 but affirmatively states it is not required to participate in arbitration with Petitioner.

11. Respondent admits the allegations contained in paragraph 11 but affirmatively states it is not required to participate in arbitration with Petitioner.

12. Respondent admits the allegations contained in paragraph 12 and affirmatively states it is not required to participate in arbitration with Petitioner.

13. Respondent admits the allegations contained in paragraph 13 and affirmatively states it is not required to participate in arbitration with Petitioner.

14. Respondent admits the allegations contained in paragraph 14 and affirmatively states it is not required to participate in arbitration with Petitioner.

15. Respondent admits the allegations contained in paragraph 15 but affirmatively states it is not required to participate in arbitration with Petitioner.

16. Respondent admits the allegations contained in paragraph 16.

17. Respondent admits the allegations contained in paragraph 17.

18. Respondent denies the allegations contained in paragraph 18.

19. Respondent admits the allegations contained in paragraph 19.

20. Respondent admits the allegations contained in paragraph 20 but affirmatively states that Petitioner failed to state that Exhibit A requires the submission of all Claims to the Grievance Resolution procedure as a mandatory condition precedent to arbitration:

> By signing below, the Member hereby agrees that all disputes, no matter how described, pleaded, or styled, between the Member and the Arizona Rangers (the "Corporation") (including its parent and any past or present affiliates, officers, employees, or lenders), including, but not limited to, any dispute relating to any aspect of the Member's relationship with or any act or omission by the Corporation, ("Claim") **shall first be resolved by use of the Grievance Resolution procedure outlined in the Arizona Rangers governing documents**. (emphasis added)

21. Respondent admits the allegations contained in paragraph 21 but affirmatively states it is not required to participate in arbitration with Petitioner.

22. Respondent denies the allegations contained in paragraph 22.

23. Respondent denies each and every allegation of the Complaint not previously admitted or otherwise plead to.

24. Petitioner fails to state a ground upon which relief can be granted.

25. Petitioner's claim is barred because it failed to satisfy the mandatory condition precedent to arbitration.

26. Petitioner lacks subject matter jurisdiction to assert the claims alleged in the Complaint.

27. Petitioner's claims are barred by applicable statute of limitations, laches, consent/acquiescence, estoppel, waiver, unclean hands, and res judicata.

28. Petitioner failed to mitigate any alleged damages.

29. At the time of this Answer, Respondent does not know which additional affirmative defenses may apply. Rather than waive the same, Respondent reserves the right to amend this Answer to assert any additional matter of avoidance or affirmative defense revealed through disclosure or discovery.

**WHEREFORE**, having fully Answered, Respondent requires relief as follows:

1. That Petitioner's Complaint be dismissed and Petitioner take nothing thereby;

2. For an award of attorney fees and costs pursuant to A.R.S. § 12-341.01 and § 12-341; and

3. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of December 2025.

**SIMMONS & GOTTFRIED, PLLC**

／s/ *Jared C. Simmons*

Jared C. Simmons
*Attorneys for Respondent Arizona Rangers*

Electronically copied this same day to:

Aaron T. Martin (AZ 028358)
Catie B. Kelley (No. 037066)
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
(602) 812-2680
aaron@martinlawandmediation.com
catie@martinlawandmediation.com

*Attorneys for Petitioner*
*Grant G. Winthrop*

/s/Cheryl Dunlap