Aaron T. Martin (AZ 028358)
Catie B. Kelley (No. 037066)
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
(602) 812-2680
aaron@martinlawandmediation.com
catie@martinlawandmediation.com

*Attorneys for Petitioner*
*Grant G. Winthrop*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Grant G. Winthrop, an individual,<br><br>Petitioner,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>Respondent. | Case No.  2:25-cv-04317-GMS<br><br>**Petitioner's Reply to Motion to Compel Arbitration**<br><br>**and**<br><br>**Response to Respondent's Motion to Dismiss under Rule 12(b)(6)** |

This Court's inquiry should begin and end with the language of the arbitration agreement.  That agreement states that the arbitrator is the "only" one to address issues related to "the scope, enforceability, validity, and effect of this Agreement." Doc. 1-1, at 2 of 25. That means that "'the parties *clearly and unmistakably*'" assigned such decisions to the arbitrator in the agreement, and the AZ Rangers do not argue otherwise. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (*citing AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986)) (emphasis in original). The Court needs only to recognize the language in the agreement and direct the parties to proceed to arbitration.

**I.    The Rangers' Motion Is Not Proper Under the Federal Arbitration Act And They Fail To Produce Any Evidence To Rebut Winthrop's Allegations**

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 4, Winthrop may petition the Court because he is "aggrieved by the alleged failure, neglect, or refusal of another to



arbitrate under a written agreement for arbitration." If, however, the Court hears the Rangers' challenge to the petition and determines that "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not appropriate under the FAA. *See Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003) ("It must be noted first that NCR's Motion to Dismiss and Compel Arbitration is not a motion which comes within the ambit of Rule 12(b) of the Federal Rules of Civil Procedure, which allows a defendant to move to dismiss on, among other things, grounds that the court lacks subject matter jurisdiction or that the plaintiff's claim fails to state a claim upon which relief can be granted. Instead, the standard for ruling on NCR's Motion is defined by the [FAA].")

In the Ninth Circuit, district courts apply a summary-judgment standard to motions under the FAA. "The summary judgment standard is appropriate because the district court's order compelling arbitration 'is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.'" *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (*quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)).

Under the summary judgment standard, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Only if the movant meets its initial responsibility does the burden shift to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit and evidence such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216,



1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

Here, the Rangers have not produced any evidence that they did not enter the arbitration agreement with Winthrop. In fact, they have said the exact opposite: "After searching for a signed contract without success, the Arizona Rangers do not believe that Winthrop ever executed the arbitration agreement, but it is difficult to prove a negative – **no one can attest that Winthrop did not execute the arbitration agreement**." Motion (Doc. 25), at 2:15-17 (emphasis added). *Nissan Fire*, 210 F.3d at 1102-03 ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial.").

At best, the Rangers only offer unsupported and inadmissible statements of counsel—but "arguments and statements of counsel 'are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment.'" *Barcamerica Int'l USA Tr. v. Tyfield Importers*, *Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (citing *Smith v. Mack Trucks*, 505 F.2d 1248, 1249 (9th Cir. 1974) (per curiam) ("Statements of counsel, whether in legal memoranda or elsewhere, are not evidence and may not be relied on to either support or defeat a motion for summary judgment.").

Because the Rangers have not produced any evidence—and admit they cannot—the Motion should be denied. And, under the FAA (9 U.S.C. § 4), if the Court questions "the making of the arbitration agreement," it should not dismiss; it should set the matter for trial.

**II.    The Rangers Fail To Rebut Winthrop's Allegations And Raise Irrelevant "Merits" Arguments To Avoid The Effect Of The Agreement**

The Rangers do not produce any actual evidence that would justify ruling in their

favor. Rather, and separate from any specific argument, the Rangers obscure the actual issues in the case and how those issues weigh in Winthrop's favor. For example, the Rangers incorporate an order from Judge Brnovich in a case between the Rangers and the Wine Education Council (in which the Rangers sued Winthrop as a third-party Defendant) as if the *order* is dispositive in this case. *See* Motion, at 4:17-20. The Rangers fail, however, to tell the Court that the order was appealed, and that Winthrop actually *prevailed* in the Ninth Circuit, resulting in an amended order. *See* "Amended Judgment in a Civil Case," No. CV-19-02235-PHX-SMB (Doc. 357), attached as Exhibit 1.[1]

As part of their desperation, the Rangers resort to making false statements to the Court and personally attacking Mr. Winthrop to distract from the actual issues. For example, Respondent's suggestion (Motion, at 4:20-21) that Mr. Winthrop "comes from 'old money'" is completely irrelevant to any issue in this case, is not mentioned anywhere in the 24 pages of Judge Brnovich's order, and is an inappropriate attempt to harass Mr. Winthrop. The Rangers also falsely assert that Mr. Winthrop "never became a member of a state bar during any relevant time." Motion, at 4:21-22. Mr. Winthrop was admitted in New Hampshire in 2011 and Wyoming in 2024 and is in good standing in both jurisdictions. The Rangers' false statements have no relevance to this case, have no basis in fact, and are easily disproved if they had taken any time to verify their statements with publicly available information. Such statements are simply inappropriate and undermine Respondent's argument that it has an actual legal basis to contest the Motion to Compel Arbitration. *See* Fed. R. Civ. P. 11(b)(1) (precluding submissions to the Court that are meant "**to harass**, cause unnecessary delay, or needlessly increase the cost of litigation") (emphasis added).

The substance of the Rangers' smokescreen—allegations about statutes of limitations and *res judicata*—are not relevant here. Those are specific issues that the parties' agreement leaves to the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("Thus '"procedural" questions which grow out of the dispute and bear

---

[1] Winthrop incorporates the Ninth Circuit's Memorandum decision by reference. The decision is available at https://cdn.ca9.uscourts.gov/datastore/memoranda/2024/06/20/23-15984.pdf.

on its final disposition' are presumptively not for the judge, but for an arbitrator, to decide" and "the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'") (citations omitted) (alterations in original). The same is true for the Rangers' additional suggestion (2:24–3:4) that Winthrop did not follow a grievance procedure. *Id.* (*citing John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964)) ("an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration").

Except for a passing mention of the grievance procedure in the Motion's introduction, the Rangers do not argue that Winthrop was required to follow a grievance procedure, what the procedure allegedly entailed, or how he failed to satisfy this "requirement." Because the Rangers only stated there was a grievance procedure, without further explanation, the Rangers have arguably waived this issue. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) ("But the plaintiffs did not raise that argument to the district court in their . . . opposition to the defendants' motion for summary judgment, so the argument was waived."). Likewise, the Rangers state, without argument, that Winthrop forever waived his right to arbitrate by filing counterclaims in the 2019 case. "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (*quoting Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). The Rangers have not met their burden and have likely waived the argument.

In short, even if the Court concludes that the Rangers' Motion is proper, all of the issues they raise are the proper subject for an arbitrator, not the Court, and this matter should be sent to arbitration and stayed pending the conclusion of arbitration proceedings.

### III.    The Rangers' Arguments on the Merits Fail

The Rangers state that Winthrop's claims in arbitration are barred by *res judicata* and the statute of limitations, but neither argument is correct. Nor do the Rangers present sufficient evidence to grant their motion. And what is more, the Court does not even need to decide these issues. Under the arbitration agreement, the statute of limitations issue must



be addressed to and decided by the arbitrator. *See* Doc. 1-1, Ex. A at 2 of 25 ("Only the arbitrator is authorized to make determinations as to the scope, enforceability, validity, and effect of this Agreement."); *see also* AAA Consumer Arbitration Rules, R-14(a)-(c). Similarly, the arbitrator decides whether any claims are precluded. *See id.*

As noted above, the Court should review the Rangers Motion under a summary-judgment standard. Even if the Court reviews the Rangers Motion under Rule 12(b)(6), the motion should be denied. To survive a motion to dismiss under Rule 12(b)(6), "a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Iqbal*, 556 U.S. at 678). And "all well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144–45 (internal quotation marks omitted).

Winthrop has alleged plausible claims based on specific actions of the Rangers, and the Rangers have not overcome their burden to demonstrate that, as a matter of law, Winthrop's claims are precluded.[2]

**A.    Claim preclusion does not bar Winthrop's claims**

Claim preclusion requires, at a minimum, the same parties and same claims in prior litigation. *Save the Bull Trout*, 51 F.4th 1101, 1107 (9th Cir. 2022) (*quoting Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)). We have neither here.

The parties are not the same. The 2019 case was filed by Wine Education Council, which is not a party here, against the Arizona Rangers. And Winthrop was only added to the 2019 case when the Rangers filed a third-party complaint against him. Thus, the parties were different, they were aligned differently, and they had different objectives for the

---

[2] The Rangers' motion also fails procedurally, again, for lack of a certificate stating that the the parties met and conferred on the issues before they filed a 12(b)(6) motion. LRCiv. 12.1(c).

litigation.

Regarding specific claims, the Rangers state that "the two lawsuits arise our of the *identical* factual occurrence: the falling out between Winthrop and the Arizona Rangers." Motion, at 6:25-26 (emphasis in original). But a "falling out" is not a specific "'claim' or cause of action" that triggers claim preclusion. *Save the Bull Trout*, 51 F.4th at 1107 (*quoting Mpoyo*, 430 F.3d at 987). *Res judicata* seeks to bar "claims that 'were raised or could have been raised in a prior action.'" *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Here, Winthrop could not have raised a Wrongful Institution of Civil Proceedings claim, the civil equivalent to a malicious prosecution claim, during the previous lawsuit. By definition, such a claim does not accrue until a prior case is resolved because a plaintiff must be the prevailing party. "A claim for malicious prosecution does not accrue until the prior proceedings have terminated in the accused's favor, including any pending appeal that could lead to further proceedings." *Ekweani v. Maricopa Cnty. Sheriff's Office*, No. CV-08-01551-PHX-FJM, 2010 WL 2079773, at *6 (D. Ariz. May 24, 2010), *aff'd*, 471 F. App'x 583 (9th Cir. 2012).

In his arbitration demand (Doc. 1-1, Exhibit B), Winthrop alleges (1) Wrongful Institution of Civil Proceedings, (2) Tortious Interference, and (3) Fraud. All three claims are based on the Rangers filing a third-party complaint against Winthrop in the *Wine Education Council v. Arizona Rangers* matter. But none of those claims were actually raised in the previous litigation, and none of the claims in the arbitration are the same as the 2019 case. *See* "Amended Judgment in a Civil Case," Exhibit 1, at 2. Winthrop raised "1. Abuse of Process against the Arizona Rangers; 2. Breach of Contract against the Arizona Rangers; 3. Breach of the Covenant of Good Faith and Fair Dealing against the Arizona Rangers; 4. Unjust Enrichment against the Arizona Rangers; and 5. Common law indemnity against Jeff East." *Id.* A simple comparison between the Amended Judgment (Exhibit 1) and Winthrop's Arbitration Demand (Doc. 1-1, Ex. B) demonstrates that the claims do not align.

What is more, the Rangers filed a third-party complaint against Winthrop in the *Wine*



*Education Council* case on May 31, 2019. *See* Doc. 1-1, at Ex. B ¶ 66. But the mere filing of a complaint does not create a cause of action for Wrongful Institution of Civil Proceedings, the civil equivalent to a malicious prosecution claim. The Rangers incorrectly mark their filing against Winthrop in the 2019 case as the operative date.

For a claim of Wrongful Institution of Civil Proceedings under Arizona law, Winthrop has to show that the Rangers (1) instituted a civil action, (2) motivated by malice, (3) begun or maintained without probable cause, and which (4) terminated in his favor and (5) damaged him. *See Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416-17 (1988). The fourth element—that the matter concluded in his favor—cannot, by definition, be satisfied until the matter actually concludes. *See Amfac Distribution Corp. v. Miller*, 138 Ariz. 152, 154 (1983) (concluding that the "damaging effect" of litigation is "not ascertainable until the appellate process is completed or is waived by a failure to appeal").

The *Wine Education Council* litigation continued for years after Judge Brnovich's order and went up on appeal. The Ninth Circuit vacated the District Court's judgment on June 20, 2024 and "the district court entered a corrected judgment on August 28, 2024." Doc. 1-1, at Ex. B ¶¶ 15-16. Winthrop's claim would not have accrued before then.

### B.    Winthrop's claims fall within the statute of limitations

The Rangers' claim that the statute of limitations for Winthrop's claims in the arbitration accrued no later than March 10, 2020, when Winthrop filed compulsory counterclaims in the 2019 case. Motion, at 7:28–8:1. But the Rangers' entire argument regarding the statute of limitations is based on the false premise that the Winthrop's counterclaims in the 2019 case are the same as his claims in the arbitration. They are not, as explained above. As a result, the Rangers' arguments regarding the statute of limitations must fail here or before an arbitrator.

Additionally, because a civil claim for wrongful institution of civil proceedings (1) did not accrue until the previous matter concluded in August 2024, and (2) has a two-year statute of limitations—which is the shortest period for Winthrop's claims, *see* A.R.S. §§ 12-542, 12-543—Winthrop's arbitration filing was within the limitations period.



## IV.    Conclusion

In response to Winthrop's demand, the Rangers do not try to rebut the statements their representatives made in the 2019 case that show that the parties signed the arbitration agreement. Because Winthrop's allegations must be accepted as true under a 12(b)(6) analysis, the Rangers' motion must be denied. And, if the Court reviews the motion under the summary-judgment standard, the Rangers have not attempted to present admissible evidence showing that they are entitled to relief. Motion (Doc. 25), at 2:15-17 ("no one can attest that Winthrop did not execute the arbitration agreement").

Winthrop presented evidence from depositions taken in the 2019 case regarding the existence of the signed arbitration agreement, the Rangers' own policies requiring members to have a signed arbitration agreement, and the Rangers' failure to maintain the signed agreement. The Rangers have not addressed any of those issues and have therefore waived those arguments here. *See Pac. Dawn LLC*, 831 F.3d at 1178 n.7 ("But the plaintiffs did not raise that argument to the district court in their . . . opposition to the defendants' motion for summary judgment, so the argument was waived."). The Rangers' failure to address the language in their Bylaws and the prior statements of their representatives is a concession that that evidence weighs in Winthrop's favor. In any event, the Rangers have not produced anything that would overcome the presumption. *See* Fed. R. Civ. P. 56(c)(1).

Winthrop's Petition to Compel Arbitration should be granted, and this matter should be sent to arbitration. The Court should then stay this matter pending the resolution of arbitration proceedings.

DATED this 13th day of April, 2026.

By  /s/*Aaron T. Martin*
Aaron T. Martin
Catie B. Kelley
Martin Law & Mediation PLLC
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
*Attorneys for Petitioner*
*Grant G. Winthrop*



Jared C. Simmons
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
jared@sglawaz.com
court@sglawaz.com

*Attorneys for Respondent Arizona Rangers*

*/s/ Regan A. Walton*

