**SIMMONS & GOTTFRIED, PLLC**
Jared C. Simmons (Bar No. 018624)
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
Tel (480) 998-1500
jared@sglawaz.com
court@sglawaz.com
*Attorneys for Respondent Arizona Rangers*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Grant G. Winthrop,<br>Petitioner,<br>vs.<br>Arizona Rangers,<br>Respondent. | **No. CV-25-04317-PHX-GMS**<br><br>**RESPONDENT ARIZONA RANGERS' MOTION FOR AWARD OF ATTORNEYS' FEES** |

Respondent Arizona Rangers ("Arizona Rangers"), pursuant to A.R.S. § 12-341.01(A), Federal Rule of Civil Procedure 54(d)(2), and LRCiv 54.2, requests an award of $16,760.00 in reasonable attorneys' fees incurred in successfully defending this action.

Petitioner Grant G. Winthrop commenced this action for the sole purpose of compelling Arizona Rangers to arbitrate under an alleged contractual arbitration agreement. Arizona Rangers opposed the requested arbitration and asserted multiple grounds for dismissal. Following briefing and oral argument, on September 14, 2026, the Court denied Winthrop's Motion to Compel Arbitration (Doc. 24), granted Arizona Rangers' Motion to Dismiss (Doc. 25) with prejudice, and directed the Clerk to terminate the action and enter judgment. (Doc. 32 at 9.) The Clerk entered judgment the same day providing that Winthrop

take nothing and dismissing the action with prejudice. (Doc. 33.) Arizona Rangers thereby obtained all of the relief it sought in this action.

Arizona Rangers incurred only 41.9 hours of attorney time defending the action, including responding to Winthrop's Petition and Motion to Compel Arbitration, briefing Arizona Rangers' defenses, participating in the Court's case-management proceedings, researching the controlling arbitration issues, preparing for and presenting oral argument, and preparing this fee application. All work was performed by undersigned counsel at the contractually agreed rate of $400.00 per hour.

The requested award is reasonable and should be granted.

## I. ELIGIBILITY

Arizona Rangers is eligible for an award under A.R.S. § 12-341.01(A), which provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."

This action arose directly and exclusively from an alleged contract. Winthrop alleged that he and Arizona Rangers entered into a binding arbitration agreement and asked this Court to enforce that agreement by compelling Arizona Rangers to arbitrate his claims. Indeed, absent the alleged arbitration agreement, there would have been no basis for Winthrop's action.

Arizona law specifically recognizes that judicial proceedings concerning enforcement of an arbitration agreement are actions arising out of contract for purposes of § 12-341.01. In *WB, The Building Company, LLC v. El Destino, LP*, the Arizona Court of Appeals explained that "[t]here is no doubt that proceedings in court to compel arbitration

or to confirm or enforce an arbitrator's decision, are actions for which fees may be recovered." 227 Ariz. 302, 310, ¶ 25, 257 P.3d 1182, 1190 (App. 2011). The court distinguished fees incurred in an arbitration itself from fees incurred litigating arbitrability in court. *Id.* at 310-13, ¶¶ 25-32, 257 P.3d at 1190-93.

*City of Cottonwood v. James L. Fann Contracting, Inc.* is to the same effect. There, the Court of Appeals upheld an award under § 12-341.01 for fees associated with judicial proceedings concerning whether arbitration would proceed. 179 Ariz. 185, 195, 877 P.2d 284, 294 (App. 1994). See also *Canon School District No. 50 v. W.E.S. Construction Co.*, 180 Ariz. 148, 153, 882 P.2d 1274, 1279 (1994) (distinguishing fees incurred in arbitration from recoverable fees incurred in related judicial proceedings).

Although Winthrop attempted to initiate an AAA proceeding before filing this action, no arbitration took place. The Court found that Arizona Rangers declined to participate and that the AAA closed the matter on May 6, 2025, after which Winthrop filed this action to compel arbitration. (Doc. 32 at 4.) The provisions of the Arbitration Agreement regarding attorneys' fees do not apply because no arbitration took place. Arizona Rangers seeks only the fees incurred in this federal court proceeding.

Arizona Rangers is also the successful party. Winthrop sought an order compelling Arizona Rangers to arbitrate. Arizona Rangers opposed that relief and sought dismissal of the action. The Court denied Winthrop's Motion to Compel Arbitration, granted Arizona Rangers' Motion to Dismiss with prejudice, and directed entry of judgment. (Doc. 32 at 9.) The resulting judgment provides that Winthrop take nothing and that the action is dismissed with prejudice. (Doc. 33.) Arizona Rangers therefore obtained complete success.

Although Arizona Rangers presented several related grounds for defeating Winthrop's requested relief, that does not require allocation among legal theories. Where a party "has accomplished the result sought in the litigation, fees should be awarded for time spent even on unsuccessful legal theories." *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App. 1983). All of the work reflected in Arizona Rangers' fee statement concerned the single objective of defeating Winthrop's attempt to compel arbitration and obtaining dismissal of this action.

Arizona Rangers is therefore eligible for an award of its reasonable attorneys' fees under A.R.S. § 12-341.01(A).

## II. ENTITLEMENT

Eligibility under § 12-341.01 does not create a presumption of a fee award. The Court exercises its discretion by considering the factors identified in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). Those factors support an award here.

First, the merits of the parties' positions favor an award. The Court did not merely resolve a close factual dispute. It concluded that Arizona Rangers had "easily established both elements for waiver" and found that Winthrop's extensive litigation of the 2019 Action reflected a deliberate choice not to compel arbitration and an intentional and strategic decision to take advantage of the judicial forum. (Doc. 32 at 7-8.) The Court ultimately held that Winthrop waived arbitration through that litigation conduct. (Id. at 9.) These findings weigh in favor of reimbursing Arizona Rangers for the expense required to establish its successful defense.

Second, Arizona Rangers had no reasonable means of avoiding the expense of defending the action once Winthrop elected to seek judicial enforcement of the arbitration agreement. Winthrop filed this action and thereafter filed a separate Motion to Compel Arbitration. Arizona Rangers was required to investigate the alleged agreement, analyze its defenses, respond to Winthrop's filings, participate in the Court's case-management proceedings, brief the controlling legal issues, and prepare for and attend oral argument. Those efforts were necessary to obtain the result ultimately entered by the Court.

The litigation history also bears on this factor. Winthrop sought to compel arbitration notwithstanding his extensive participation in prior federal litigation with Arizona Rangers without invoking the arbitration right he later asked this Court to enforce. Addressing the legal consequences of that history required Arizona Rangers to analyze the record of the prior proceedings and research the law governing litigation-conduct waiver, delegation, and related arbitration issues.

Third, there is no evidence presently before the Court that an award of $16,760.00 would impose an extreme hardship upon Winthrop. Arizona Rangers does not suggest that this factor alone establishes entitlement, but there is no evidentiary basis for treating hardship as a reason to deny an otherwise appropriate award.

Fourth, Arizona Rangers obtained complete success. Winthrop commenced this action for one purpose: to compel Arizona Rangers to arbitrate. The Court denied that relief, granted Arizona Rangers' Motion to Dismiss with prejudice, and ordered termination of the action. (Doc. 32 at 9.) The resulting judgment provides that Winthrop take nothing and that

the action is dismissed with prejudice. (Doc. 33.) Arizona Rangers therefore obtained all of the relief it sought.

Fifth, although the parties presented issues requiring careful analysis of federal arbitration law, the controlling principles were not so novel that an award would be inequitable. The parties litigated, among other matters, whether years of participation in judicial proceedings constituted waiver and whether litigation-conduct waiver was for the Court or an arbitrator to decide. Those questions required research and advocacy, but established authority governed them.

Finally, the requested award will not improperly discourage parties from asserting legitimate contractual rights. Section 12-341.01 itself reflects Arizona's policy that the successful party in a contested contract action may recover reasonable fees. An award here does not penalize Winthrop for invoking arbitration generally; it compensates Arizona Rangers for the reasonable expense of successfully defending a judicial action brought to enforce an alleged contractual arbitration obligation.

The modest amount sought further minimizes any chilling concern. Arizona Rangers seeks $16,760.00 for the entire federal action from its commencement through oral argument and preparation of this application.

An award also advances the statutory purpose. Section 12-341.01(B) provides that a fee award "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." Arizona Rangers was required to incur the requested fees to establish its defense to Winthrop's attempt to compel arbitration.

Arizona Rangers also seeks the limited fees incurred preparing this application and completing the consultation required by LRCiv 54.2. Such fees are recoverable because compensating the successful party for reasonable time devoted to obtaining its fee award advances the purpose of § 12-341.01. *Gametech International, Inc. v. Trend Gaming Systems, L.L.C.*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005). Arizona Rangers seeks only 1.3 hours, or $520.00, for preparation of the fee application and the required consultation.

The Warner factors therefore favor an award.

## III. REASONABLENESS OF REQUESTED AWARD

The requested $16,760.00 is reasonable under LRCiv 54.2 and Arizona law.

### A. Time and Labor Required

Arizona Rangers seeks compensation for only 41.9 hours of attorney time for the entire action.

Those hours include counsel's initial review of Winthrop's Petition and the alleged arbitration agreement; investigation concerning the existence and terms of an executed agreement; consultation with Arizona Rangers; preparation of Arizona Rangers' Answer; participation in Rule 16 and Rule 26(f) proceedings; legal research concerning arbitration, waiver, delegation, limitations, and preclusion issues; preparation of Arizona Rangers' motion to dismiss and opposition to Winthrop's Motion to Compel Arbitration; reply briefing; preparation for oral argument; travel to and presentation of oral argument before the Court; and preparation of this fee application.

The total time is restrained in light of the work performed. For example, counsel devoted 3.9 hours on September 3, 2026 to reviewing the record, researching the legal

issues, and preparing for oral argument, and 4.8 hours the following day to continued preparation, travel, and presentation of oral argument. The principal briefing likewise was completed within comparatively limited time.

The task-based statement attached as Exhibit A identifies the date, attorney, work performed, time spent, and amount charged for each entry.

**B. Novelty and Difficulty of the Issues and Skill Required**

The action required counsel to address several related but distinct issues concerning enforcement of an arbitration agreement under the Federal Arbitration Act. Those issues included formation and enforceability, litigation-conduct waiver, delegation of arbitrability issues, the effect of extensive prior federal litigation, procedural prerequisites to arbitration, claim preclusion, and limitations.

The waiver issue in particular required analysis of the relationship between the parties' delegation language and Ninth Circuit authority distinguishing litigation-conduct waiver from other questions of procedural arbitrability. Counsel also had to review and reconstruct the procedural history of prior federal litigation between Winthrop and Arizona Rangers to establish the nature and extent of Winthrop's prior litigation conduct.

The work therefore required substantial familiarity with federal civil procedure, contract law, and arbitration law.

**C. The $400 Hourly Rate Is Reasonable**

Arizona Rangers agreed to compensate undersigned counsel at $400.00 per hour. The written engagement agreement is attached as Exhibit B.

The agreed billing rate is significant evidence of the reasonable value of the services. See *Schweiger*, 138 Ariz. at 187-88, 673 P.2d at 931-32. The requested award is calculated using the same $400 hourly rate that Arizona Rangers contractually agreed to pay; Arizona Rangers does not seek an enhanced rate.

As further set forth in the accompanying Declaration of Jared C. Simmons, undersigned counsel has 30 years of litigation experience, including substantial experience in Arizona and federal civil litigation. The $400 hourly rate is reasonable for an attorney with that experience handling federal litigation in the Phoenix legal market.

**D. The Fee Was Hourly and the Requested Award Does Not Exceed the Amount Arizona Rangers Agreed to Pay**

The engagement is an hourly engagement rather than a contingent-fee arrangement. Arizona Rangers agreed to the $400 hourly rate reflected in the itemized statement.

A.R.S. § 12-341.01(B) provides that an award may not exceed the amount paid or agreed to be paid. The $16,760.00 requested here is exactly the amount generated by the 41.9 compensable hours reflected in the attached statement at the agreed $400 hourly rate and therefore does not exceed the contractual amount.

**E. The Result Obtained Supports the Requested Award**

The value of the right at issue was substantial. Winthrop sought an order requiring Arizona Rangers to submit to binding arbitration of claims against it. Arizona Rangers successfully resisted that requested relief. The Court denied Winthrop's Motion to Compel Arbitration, granted Arizona Rangers' Motion to Dismiss with prejudice, and entered a take-nothing judgment dismissing the action with prejudice. (Docs. 32 at 9; 33.)

The result was therefore complete with respect to the principal object of the litigation.

The fact that the Court did not need to reach every alternative defense does not require segregation or reduction of the requested fees. Arizona Rangers asserted those defenses in response to the single relief Winthrop sought—an order compelling arbitration—and they arose from the same petition, arbitration agreement, prior litigation, and common factual record. The Court's waiver ruling made resolution of the alternative defenses unnecessary. (Doc. 32 at 6 n.2, 9.) Because Arizona Rangers nevertheless achieved complete success and the alternative theories were directed toward the same result, the related time is compensable. See Schweiger v. China Doll Restaurant, Inc., 138 Ariz. 183, 189, 673 P.2d 927, 933 (App. 1983).

**F. Billing Judgment**

Counsel reviewed the attached time entries for necessity, duplication, and reasonableness before submitting this request. As set forth more fully in counsel's Declaration, Arizona Rangers seeks only time reasonably necessary to defend the action and prepare this application.

The total of 41.9 hours itself reflects efficient handling of the matter. No associate, paralegal, or additional attorney time is sought. Arizona Rangers seeks no multiplier, enhancement, or premium above the rate actually agreed upon with its counsel.

The requested $16,760.00 is therefore reasonable under LRCiv 54.2(c)(3), A.R.S. § 12-341.01, and the applicable Arizona authorities.

## IV. CONCLUSION

Arizona Rangers successfully defended a contested action brought to enforce an alleged contractual arbitration obligation. No arbitration took place. Instead, Winthrop filed this federal action to compel arbitration, and the Court held that he had waived arbitration through his prior litigation conduct, denied his Motion to Compel Arbitration, granted Arizona Rangers' Motion to Dismiss with prejudice, and entered a take-nothing judgment dismissing the action with prejudice. (Docs. 32 at 9; 33.) Arizona law expressly permits recovery under A.R.S. § 12-341.01 for reasonable fees incurred in judicial proceedings concerning arbitrability. The Warner factors favor an award, and the requested amount reflects only 41.9 hours of attorney time at Arizona Rangers' agreed $400 hourly rate.

Arizona Rangers respectfully requests that the Court award it $16,760.00 in reasonable attorneys' fees against Petitioner Grant G. Winthrop and enter such further relief as the Court deems appropriate.

DATED this 28th day of September, 2026.

**SIMMONS & GOTTFRIED, PLLC**

*/s/ Jared C. Simmons*
Jared C. Simmons
*Attorneys for Respondent Arizona Rangers*

## STATEMENT OF CONSULTATION

Pursuant to LRCiv 54.2(d)(1), undersigned counsel certifies that on September 28, 2026, Jared C. Simmons, counsel for Respondent Arizona Rangers, and Aaron T. Martin, counsel for Petitioner Grant G. Winthrop, personally conferred by telephone concerning Arizona Rangers' request for attorneys' fees.

Mr. Simmons advised Mr. Martin that Arizona Rangers would seek $16,760.00 in attorneys' fees and that the request was made pursuant to A.R.S. § 12-341.01 because this action arose from Winthrop's attempt to enforce an alleged contractual arbitration obligation. Mr. Martin advised that Winthrop would oppose the requested award.

The parties were therefore unable to resolve the disputed issues concerning Arizona Rangers' request for attorneys' fees.

*/s/ Jared C. Simmons*

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

*/s/ Jared C. Simmons*

**SIMMONS & GOTTFRIED, PLLC**
Jared C. Simmons (Bar No. 018624)
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
Tel (480) 998-1500
jared@sglawaz.com
court@sglawaz.com
*Attorneys for Respondent Arizona Rangers*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Grant G. Winthrop,<br><br>Petitioner,<br><br>vs.<br><br>Arizona Rangers,<br><br>Respondent. | **No. CV-25-04317-PHX-GMS**<br><br>**DECLARATION OF JARED C. SIMMONS IN SUPPORT OF RESPONDENT ARIZONA RANGERS' MOTION FOR AWARD OF ATTORNEYS' FEES** |

**DECLARATION OF JARED C. SIMMONS**

I, Jared C. Simmons, declare as follows:

1. I am an attorney licensed to practice law in Arizona and counsel of record for Respondent Arizona Rangers in this action. I make this Declaration based upon my personal knowledge and, if called as a witness, could and would competently testify to the matters stated herein.

2. I submit this Declaration in support of Arizona Rangers' Motion for Award of Attorneys' Fees pursuant to A.R.S. § 12-341.01 and LRCiv 54.2.

3. I have been licensed to practice law since 1996 and have approximately thirty years of litigation experience. I was initially admitted to practice in Texas in 1996 and

was admitted to practice in Arizona in 1997. I am licensed to practice in both the Arizona state courts and the United States District Court for the District of Arizona.

4. During my career, I have devoted a substantial portion of my practice to civil litigation, including business and commercial disputes, contract litigation, real estate matters, corporate disputes, and cases involving arbitration and other contractual dispute-resolution provisions. I regularly practice in Arizona state and federal courts.

5. I had primary and essentially exclusive responsibility for representing Arizona Rangers in this action. No fees are sought for work performed by any other attorney, paralegal, legal assistant, or other timekeeper.

6. My work in this matter included reviewing Winthrop's Petition and alleged arbitration agreement; investigating whether an executed arbitration agreement existed; consulting with Arizona Rangers regarding the Petition and available defenses; preparing Arizona Rangers' Answer; participating in Rule 16 and Rule 26 proceedings; researching issues concerning arbitration, waiver by litigation conduct, delegation, claim preclusion, and statutes of limitation; preparing Arizona Rangers' Motion to Dismiss and opposition to Winthrop's Motion to Compel Arbitration; preparing reply briefing; reviewing the prior federal litigation between Winthrop and Arizona Rangers; preparing for and presenting oral argument before this Court; and preparing the present fee application.

7. Arizona Rangers retained Simmons & Gottfried, PLLC pursuant to a written engagement agreement dated January 31, 2025. A true and correct copy of that agreement is attached to the Motion as Exhibit B.

8. Under the engagement agreement, Arizona Rangers agreed to compensate me for legal services at the rate of $400.00 per hour.

9. The $400.00 hourly rate reflected in the itemized fee statement is the same rate actually charged to Arizona Rangers in this matter. I have not increased or enhanced that rate for purposes of this fee application.

10. Based upon my approximately thirty years of litigation experience, my familiarity with rates charged by attorneys practicing civil litigation in the Phoenix metropolitan area, the nature of the issues presented in this matter, and my experience litigating comparable matters in Arizona state and federal courts, I believe that $400.00 per hour is a reasonable and customary rate for the services performed in this matter.

11. Arizona Rangers has paid in full all attorneys' fees incurred through July 31, 2026, totaling $12,640.00. Those fees were incurred for the legal services identified in the task-based itemized statement submitted with the Motion and were performed by me at the agreed rate of $400.00 per hour. The remaining $4,120.00 reflected in this application was incurred after July 31, 2026 and remains payable pursuant to the parties' written engagement agreement.

12. I have personally reviewed the task-based itemized statement submitted with Arizona Rangers' fee application. The statement was prepared from contemporaneous billing records maintained by Simmons & Gottfried, PLLC in the ordinary course of its practice.

13. The itemized statement accurately reflects the legal services performed, the dates on which those services were performed, the time devoted to those services, and the amounts charged to Arizona Rangers.

14. In my professional judgment, the time reflected in the itemized statement was reasonably and necessarily incurred in defending against Winthrop's effort to compel Arizona Rangers to arbitration and in obtaining dismissal of this action.

15. The total time for which Arizona Rangers seeks compensation is 41.9 hours. At the agreed hourly rate of $400.00, the resulting attorneys' fees are $16,760.00.

16. I exercised billing judgment in reviewing the fees sought in this application. I reviewed the entries for unnecessary, duplicative, excessive, or unrelated time and have not included any time that I believe was unnecessary, duplicative, excessive, or unrelated to the defense of this action.

17. The requested fees include 1.1 hours incurred preparing the Motion for Award of Attorneys' Fees and related supporting materials and 0.2 hours incurred in the telephonic consultation with opposing counsel required by LRCiv 54.2, for a total of 1.3 hours associated with the fee application and required consultation.

18. The 41.9 hours sought are reasonable in light of the work required in this action, which included dispositive motion practice, briefing concerning federal arbitration law and the effect of Winthrop's prior litigation conduct, review of the record from the earlier federal litigation, and preparation for and presentation of oral argument.

19. Arizona Rangers obtained complete success. On September 14, 2026, the Court denied Winthrop's Motion to Compel Arbitration, granted Arizona Rangers'

Motion to Dismiss with prejudice, and directed entry of judgment. The Clerk thereafter entered judgment that Winthrop take nothing and that this action be dismissed with prejudice.

20. No arbitration took place. Arizona Rangers seeks only fees incurred in connection with this federal court proceeding and the present fee application.

21. In my opinion, the total requested attorneys' fee of $16,760.00 is reasonable and was necessarily incurred in establishing Arizona Rangers' successful defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of September 2026, at Scottsdale, Arizona.

*/s/ Jared C. Simmons*
Jared C. Simmons

# EXHIBIT A

**SIMMONS & GOTTFRIED**
A Professional Limited Liability Company
8160 E. Butherus Drive, Suite 7
Scottsdale, AZ 85260
Telephone (480) 998-1500

Professional Services History Statement September 28, 2026

| DATE | | | HRS | AMOUNT |
|---|---|---|---|---|
| 11/26/2025 | JCS | Receive and review Petition to Compel Arbitration. Telephone conference with client regarding Petition and available defenses. Telephone conference with Arizona Rangers member Rayl Evans regarding efforts to locate a signed arbitration agreement and defenses to enforcement. Forward arbitration agreement to client. Legal research regarding waiver of the right to compel arbitration. | 1.3 | $520.00 |
| 11/27/2025 | JCS | Telephone conference with Arizona Rangers member Rayl Evans regarding efforts to locate a signed arbitration agreement and defenses to enforcement of the arbitration provision. | 0.4 | $160.00 |
| 11/30/2025 | JCS | Text and email communications with client regarding arbitration dispute, status of signed arbitration agreement, and defenses to Petition. | 0.2 | $80.00 |
| 12/1/2025 | JCS | Email communications with client regarding arbitration dispute and defense of Petition to Compel Arbitration. | 0.2 | $80.00 |
| 12/3/2025 | JCS | Review email from Arizona Rangers member Rayl Evans regarding arbitration agreement and information relevant to defenses to Petition. | 0.2 | $80.00 |
| 12/4/2025 | JCS | Email communications with client. Telephone conference with Arizona Rangers member Rayl Evans regarding arbitration agreement, available defenses, and related case issues. Review information for transmission to client concerning same. | 0.8 | $320.00 |

PROFESSIONAL JCS: Jared C. Simmons

| | | | | |
|---|---|---|---|---|
| 12/7/2025 | JCS | Review and respond to client email regarding arbitration dispute and defense of Petition. | 0.2 | $80.00 |
| 12/16/2025 | JCS | Email communications with client and insurance counsel regarding pending arbitration-enforcement action. Commence legal research concerning grounds for motion to dismiss. | 0.9 | $360.00 |
| 12/16/2025 | JCS | Draft Answer to Petition to Compel Arbitration in United States District Court. | 1.8 | $720.00 |
| 12/17/2025 | JCS | Supplement and revise Answer to Petition to Compel Arbitration. Email communications with opposing counsel regarding pending arbitration-enforcement action. | 1.6 | $640.00 |
| 12/18/2025 | JCS | Finalize Answer to Petition to Compel Arbitration and prepare Corporate Disclosure Statement for Arizona Rangers. | 0.5 | $200.00 |
| 1/2/2026 | JCS | Email communications with Winthrop's counsel regarding pending arbitration-enforcement action. | 0.2 | $80.00 |
| 1/8/2026 | JCS | Review Court's Order setting Rule 16 case-management conference and requirements applicable to case. | 0.2 | $80.00 |
| 1/21/2026 | JCS | Email and telephone communications with opposing counsel regarding Joint Rule 26(f) Case Management Report. Review, revise, and edit Joint Report. | 1.3 | $520.00 |
| 1/30/2026 | JCS | Prepare for and participate in telephonic Rule 16 case-management conference. Telephone communications with client regarding conference and resulting case-management issues. | 0.5 | $200.00 |
| 2/1/2026 | JCS | Review and communicate with client regarding Court's case-management order and resulting deadlines and litigation obligations. | 0.3 | $120.00 |
| 2/18/2026 | JCS | Commence drafting Arizona Rangers' motion to dismiss and response/objection to Petition seeking enforcement of arbitration agreement. | 3.4 | $1,360.00 |

PROFESSIONAL JCS: Jared C. Simmons

| | | | | |
|---|---|---|---|---|
| 2/20/2026 | JCS | Continue drafting motion to dismiss and opposition to enforcement of arbitration agreement. Review case file. Legal research regarding defenses to Petition, including waiver, claim preclusion, and statutes of limitation. | 2.8 | $1,120.00 |
| 2/24/2026 | JCS | Revise, edit, and finalize motion to dismiss and opposition to Petition seeking enforcement of arbitration agreement. | 3.8 | $1,520.00 |
| 2/26/2026 | JCS | Prepare Good Faith Consultation Certificate and related consultation materials in support of motion to dismiss. | 0.6 | $240.00 |
| 3/13/2026 | JCS | Email communications with opposing counsel and text communications with client regarding Motion to Compel Arbitration, motion to dismiss, and case status. | 0.3 | $120.00 |
| 3/16/2026 | JCS | Receive and review Winthrop's Motion to Compel Arbitration and exhibits. Legal research regarding motion and arbitration issues. Review Court's scheduling order. | 1.4 | $560.00 |
| 3/18/2026 | JCS | Commence drafting opposition to Motion to Compel Arbitration. Legal research concerning litigation-conduct waiver, delegation, and related arbitration-enforcement issues. | 4.6 | $1,840.00 |
| 3/27/2026 | JCS | Revise, edit, and finalize amended objection/opposition to Petition and Motion to Compel Arbitration. Supplemental legal research concerning arbitration defenses. | 1.3 | $520.00 |
| 4/23/2026 | JCS | Legal research and drafting of Reply in support of Arizona Rangers' motion to dismiss, including response to Winthrop's arguments concerning arbitration and related defenses. | 2.8 | $1,120.00 |
| 8/4/2026 | JCS | Receive and review Court's minute entry setting oral argument. Email communications with opposing counsel concerning scheduled hearing. | 0.3 | $120.00 |
| 9/3/2026 | JCS | Prepare for oral argument on Motion to Compel Arbitration. Review pleadings, exhibits, prior federal litigation record, and controlling legal authorities regarding waiver, delegation, and related arbitration issues. | 3.9 | $1,560.00 |

PROFESSIONAL JCS: Jared C. Simmons

| | | | | |
|---|---|---|---|---|
| 9/4/2026 | JCS | Continue preparation for oral argument. Travel to United States District Court and present oral argument before Judge G. Murray Snow concerning Motion to Compel Arbitration and Arizona Rangers' motion to dismiss. | 4.8 | $1,920.00 |
| 9/25/2026 | JCS | Prepare Motion for Award of Attorneys' Fees under A.R.S. § 12-341.01 and LRCiv 54.2, including Statement of Consultation, review of fee agreement and itemized fee statement, and preparation of supporting declaration materials. | 1.1 | $440.00 |
| 9/28/2026 | JCS | Telephonic consultation with Winthrop's counsel concerning Arizona Rangers' request for $16,760.00 in attorneys' fees under A.R.S. § 12-341.01; counsel advised that Winthrop will oppose the requested fee award. | 0.2 | $80.00 |
| | | **TOTAL** | **41.9** | **$16,760.00** |

PROFESSIONAL JCS: Jared C. Simmons

# EXHIBIT B

SIMMONS & GOTTFRIED
A Professional Limited Liability Company
8160 E. Butherus, Suite 7
Scottsdale, Arizona 85260
Telephone (480) 998-1500 Facsimile (480) 998-6074

Jared C. Simmons, Esq.*
Jared@SGLawAZ.com

Alona M. Gottfried, Esq.
Alona@SGLawAZ.com

*Also admitted in Texas

**CONFIDENTIAL**

Lisa Penny
Interim Colonel
Arizona Rangers, Inc.

**Re:** ***Engagement of Simmons & Gottfried, PLLC. re: corporate governance and litigation issues***

Mrs. Penny:

Thank you for engaging *Simmons & Gottfried* to provide legal services in connection with providing on-going consultation and litigation services. Consistent with our normal practice, this letter and the attached Statement of Engagement Terms and Billing Practices (the "Statement") set forth the terms of our engagement. It is important that you review that Statement so that you understand in advance how various issues will be handled.

Our fees for legal services, unless expressly stated otherwise, are based on the time we spend on your engagement. In the event that you or we believe that the services or manner of billing should be changed, we will discuss doing so. We charge separately for expenses and other costs incurred in connection with our services, as described in the attached "Statement of Engagement Terms," and we may require advance fees for such items.

Our billing statements are normally rendered on a monthly basis and are due and payable upon receipt. We will try to include expenses and other charges in the statement for the month in which they are incurred, but on occasion, accounting for certain expenses and charges (i.e., late-posted items or international charges) may be delayed. In that case, late-posted items will be billed on a future statement. The Firm will charge a late payment penalty of 18% per annum, compounded monthly, on any amounts that are not paid within 30 days after the statement date.

Our representation is conditioned upon receipt of a signed copy of this letter confirming your understanding and approval of these terms.

**Payments can be made through our secure web portal by clicking the link below at:**
**https://secure.lawpay.com/pages/sglawaz/operating**

We do our best to see that our clients are satisfied not only with our services but also with the fees charged for those services. If this letter and the attached Statement correctly set forth our mutual understanding, please sign and date the enclosed copy of this letter and return it to us with the attached Statement. There shall be no attorney-client relationship between us unless and until you sign and return this agreement.

By signing below, you are representing that you have the authority and capacity to enter into this Agreement and that you have obtained any and all necessary authorizations.

We appreciate the opportunity to serve you and sincerely hope that our relationship will be one of mutual trust and respect as well as of value and assistance to you. If you ever have any questions or concerns, I urge you to contact me.

Very truly yours,

/s/ *Jared C. Simmons*

Jared C. Simmons

THE TERMS OF THE ENGAGEMENT OF THE FIRM AS STATED ABOVE AND IN THE ATTACHED STATEMENT ARE ACCEPTED AND APPROVED BY SIGNATURE BELOW:

Lisa L. Penney–Interim Colonel

Lisa Penny, Interim Colonel
Arizona Rangers, Inc.

DATED: January 31, 2025

**STATEMENT OF ENGAGEMENT TERMS AND BILLING PRACTICES**

Our representation is effective as of the date of the mutual execution of the attached agreement. We will undertake your representation and work with you to achieve the desired objectives in the most effective way that we can, mindful of costs. We will endeavor to use our best judgment and skill in representing you.

We are bound by the Arizona Rules of Professional Conduct and may only advance causes and defenses that can be brought in good faith, based upon the facts and the established law.

Together, we need to identify and review all documents that may be relevant to your defenses or to plaintiff's claims. We request your full cooperation and attention in this regard. All work performed and work product of any kind will be deemed to be confidential and/or privileged material.

You understand that we cannot and have not made any guarantee regarding the outcome of any matter. Comments made by any of the Firm's attorneys and/or staff concerning the outcome of a matter are expressions of opinion only. Also, any estimates of fees that are given shall not be a guarantee, and actual fees may vary based on circumstances that we are unable to foresee.

**Staffing.** I will have primary responsibility for the matter. Staffing decisions will be made by me. I may utilize other attorneys, paralegals and litigation/clerical assistants, with an end to providing services on an efficient and cost-effective basis.

**Fees**. We anticipate billing for professional services in accordance with Rule 1.5 of the Rules of Professional Conduct promulgated by the Arizona Supreme Court, primarily based upon the schedule of hourly rates established by the Firm for the lawyers and other members of the professional staff of the Firm. In order to help us determine the value of services that we render, our attorneys, paralegals and document clerks maintain written records of the actual time they spend working for clients. The hourly rates are based on years of experience, specialization in training and practice and level of professional attainment. We periodically review our hourly rates and make adjustments as necessary, and you will be provided with written notice of any changes to them.

(a) Our current hourly rates are as follows:

| | |
|---|---|
| Jared C. Simmons, Esq. | $400.00 per hour |
| Alona M. Gottfried, Esq. | $400.00 per hour |
| Associate | $275.00 per hour |
| Paralegal | $160.00 per hour |
| Law Clerk | $120.00 per hour |
| Legal Assistants | $85-$100 per hour |

These rates are subject to adjustment from time-to-time based generally on the attorney's and other professional employee's experience and knowledge.

(b) Some work may be performed on a flat fee arrangement and may or may not also involve work performed on an hourly basis. Some examples of work performed on a flat fee basis are business entity formation such as limited liability companies.

(c) Some factors other than the amount of time required, which will have a

significant bearing on the reasonable value of the services performed, are:

- the novelty and complexity of the questions involved;
- the skill required to provide proper legal representation;
- familiarity with the specific area of law involved;
- the preclusion of other work caused by the acceptance of this engagement;
- the magnitude of the matters;
- the results achieved;
- customary fees for similar legal services;
- the nature and length of our relationship; and
- time limitations imposed by you or by circumstances.

Therefore, it is agreed that the final fees to be charged by us may be revised upward or downward from the total fee amount as calculated above, at our discretion, to properly reflect such factors as those listed above, as well as other considerations which may arise during the course of representation which makes the fee more fairly reflect the value of our services to you.

**Costs**. In addition to our fees for services, you will be responsible for all out-of-pocket disbursements that we incur on your behalf. You hereby authorize us to incur and agree to reimburse the Firm for all out-of-pocket costs incurred by us that we believe are necessary to fulfill our engagement. Typical of such costs are filing fees, travel expenses, long-distance telephone calls, outgoing faxes, Federal Express, courier services, and delivery charges, photocopying, expert witness fees, court reporter and transcript costs, and costs for computer assisted legal research (Westlaw, etc.). We anticipate making advances to cover out-of-pocket costs incurred but reserve the right to forward to you any items with the request that you pay them directly to the service providers.

**Billings.** Our statements for services rendered and costs incurred will be prepared and mailed to the address listed above during the month following the month in which services are rendered and costs advanced. We will make every effort to include our out-of-pocket disbursements in the next monthly statement. However, some disbursements are not immediately available to us and, as a result, may not appear on a statement until sometime after the charges were actually incurred. All statements are due and payable upon receipt and considered past due thirty (30) days after the statement date. Any bill that is not paid within thirty (30) days will be charged with interest at the rate of 1.5% per month compounded monthly. The Firm reserves the right to decline to perform further services if any account is thirty (30) days or more past due. If the Firm must engage counsel or otherwise expend funds to collect bills over sixty (60) days old, you also agree to reimburse the Firm for all fees and costs associated with collection.

**Advance Fee for Trial.** In the event the matter proceeds to trial, we reserve the right to request a sufficient additional fee in advance of trial which is also earned upon receipt.

**Client's Responsibilities.** We will try to keep you informed as to the status of our representation and as to the course of action which we are following, or which is being recommended by us. We will make all written material sent or received by us reasonably available to you by way of copy, or you may examine the originals in our office at all reasonable times. Recognizing that the Firm cannot effectively represent you without your cooperation and assistance, you agree to cooperate fully with the Firm and to provide promptly all information known or available to you relevant to the Firm's representation, including, without limitation, providing information and documents requested in a timely fashion; assisting in discovery, disclosure and trial preparation; cooperating in scheduling and related matters;

responding to telephone calls and correspondence in a timely manner; and informing the Firm of changes in your address and telephone numbers.

**Spoliation.** Please be advised that both the Arizona and Federal Rules of Civil Procedure require all parties to litigation to preserve and disclose all information related to the case. Both parties and their counsel can be sanctioned for failing to preserve and disclose both hard-copy documents and electronically stored information, ("ESI"). ESI includes, but is not limited to, electronic mail, voice mail, text messages, and all documents and data sorted on computers, PDA's (Blackberries, iPhones, etc.), laptops, cell phones, and the like. ESI can also include data stored on personal hardware (home computers, personal cell phones, etc.) if used for work purposes. Therefore, it is important that such data not be deleted from your computers or networks, and that hardware in use during the relevant time period not be discarded. (Note: the litigation hold does not apply to inaccessible backup tapes [tapes typically maintained solely for disaster recovery] *unless* the backup tapes are accessible or are actively used for information retrieval.)

You must suspend routine documents retention/destruction policies and put in place a "litigation hold" to ensure preservation of relevant documents and EIS. As a rule of thumb, the litigation hold should be retroactive to your first contact with the opposing party regarding the litigation matter and continuing through the present. We request, at a minimum, that the following steps be taken once the litigation hold is in place:

1. All destruction of documents of any type, including EIS, pertaining in any way to this matter must immediately stop even if your document retention policy would otherwise call for routine destruction. All such documents and EIS must be retained.

2. Please notify us of the employees responsible for information technology/document retention, as well as all those with knowledge or information regarding the facts underlying the litigation matter.

3. A designee of our firm will talk with each person identified under the immediately preceding paragraph 2 in order to understand his/her document retention practices to that this firm can comply with its duty to ensure proper retention and disclosure, as well as it duty to monitor the litigation hold.

**Insurance Coverage**. If you have insurance policy(ies) that may provide coverage on this matter, you should notify the insurer(s) in order to preserve any rights you may have to coverage and/or defense costs. We would be happy to review your policies and advise of the possibility of such coverage.

**Joint Representation**. This clause applies only if multiple parties are being represented under this Agreement. If at any time any of the Clients becomes aware of any conflict or potential conflict between their interests and those of other of the Clients, I ask that they immediately call that to my attention so that we can consider whether we can continue to represent any of the Clients in this case. In the event a dispute does arise between any of the Clients, the Firm may only be able to represent one of the parties in the dispute, and, under certain circumstances, we may be precluded from representing any party to the dispute.

**Advance Waiver of Conflicts.** The Firm represents many other companies and individuals. It is possible, if not probable, that some of our present or future clients could have disputes or transactions

with you. Therefore, as a condition to our undertaking this matter, you must agree that the Firm may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for you, even if the interests of such entities in those other matters are directly adverse to you. We agree, however, that your prospective consent to conflicting representation contained in this paragraph shall not apply in any instances where, as a result of our representation of you, we have obtained privileged, proprietary or other confidential information of a nonpublic nature that, if known to such other entity, could be used in any such other matter by such entity to your material disadvantage.

**Documents.** During the course of our representation, you may provide us with documents and other materials from your files. At the end of our engagement, we will return the documents and materials to you in care of your office or retain them as you direct. If we receive no such direction from you, and the documents and materials are not returned to you, we would like your agreement that the documents may be destroyed at such time as the file itself is destroyed, in accordance with our document retention policy. Before we destroy any files, we will attempt to give you reasonable advance notice and will offer to deliver the contents of the file to you. We will then scan and destroy hard copies of closed files unless they are "original" documents, which we may retain for a longer period of time at our discretion. Electronic copies of all files will be retained for upwards of three (3) years.

**Confidentiality.** All work performed and materials and work product of any kind generated in furtherance of the engagement will be deemed to be confidential and/or privileged material. The Firm will not reveal any such information, documents, materials or work product to any person except as directed or approved by you; however, the Firm may reveal such information pursuant to government process. Should you so direct, the Firm will undertake to challenge such process, provided that such challenge is permitted by law.

**Termination of Engagement and Post-Engagement Matters.** Either party may terminate the engagement upon reasonable notice to the other for any reason, regardless of whether trial has been set, subject on our part to the applicable rules of professional conduct. Notice shall be made in writing and shall become effective upon receipt by the other party. In the event that you or we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in this matter. If you so request, we will suggest possible successor counsel to you and provide that counsel with whatever papers have been provided to us and that are necessary for the protection and advancement of your interests.

Unless previously terminated, our representation will terminate when a matter for which our firm was hired is completed, whether or not the final bill has been rendered or paid. In the event of any termination, you shall promptly pay us in full for all services rendered and for all charges and expenses incurred. In the event that we are forced to commence any legal proceeding against you in order to collect our fees or costs, the prevailing party in such litigation shall be entitled to a full recovery of all costs and attorneys' fees.

Should termination of the engagement occur for any reason, including failure to timely remit payment for fees, costs, services and/or agreed upon retainers, we shall have the authority hereby to withdraw from any pending litigation or matter regardless of whether trial has been set, and this agreement shall constitute your full consent for us to do so.

**Continuing Advice**. You are engaging the Firm to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in laws or regulations that are applicable to you

that could have an impact upon your future rights and liabilities. Unless you continue to engage us to provide additional advice, this Firm will assume that it has no continuing obligation to advise you with respect to future legal developments.

**Survival of Terms**. The agreements, terms and understandings set forth in this letter shall survive the termination of any and all work performed.

**Lien.** You hereby grant the Firm a possessory lien on any and all recoveries for claims or causes of action that are the subject of the representation under this agreement while our fees or costs are unpaid, even if you remove the matter to a new law firm. The lien will be for any sums owing to the Firm at the conclusion of the services performed. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that the Firm may be able to compel payment of fees and costs from any such funds recovered on your behalf even if the Firm has been discharged before the end of the case.

**Subpoenas.** Should the Firm be subpoenaed for information that has been obtained as a result of the work performed, the Firm shall promptly notify you and follow your lawful directions regarding a response to the subpoena. You agree to pay, reimburse, indemnify and/or hold the Firm harmless for charges, fees, costs, attorney's fees and disbursements that may arise from responding to the subpoena.

**Litigation**. If any disagreement or controversy arises out of or relating to this Agreement and/or Engagement, including but not limited to any dispute concerning the Firm's fees or expenses, the prevailing party to any litigation over enforcement of this Agreement will be entitled to attorney's fees and court costs.

**Jurisdiction.** The parties consent to the jurisdiction of the federal, state, municipal and/or justice courts in Maricopa County, Arizona or the District of Arizona.

**No Advice Regarding This Fee Agreement.** The Firm is not acting as your counsel in advising you with respect to this letter, as we would have a conflict of interest in doing so. If you wish to be advised by independent counsel on the question of whether you should be so represented, we recommend that you consult with independent counsel of your choice. In addition, if you have any questions or would like any additional information, we would be happy to discuss this matter with you.